# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br>vs.<br>JESSICA ORTERO,<br><br>                                    Defendant. | CASE NO. 15cr1998-LAB<br><br>**ORDER APPOINTING FEDERAL DEFENDERS RE: EXPUNGEMENT MOTION** |

Austin J. Ramos, formerly known as Jessica Otero, has filed a motion with this Court to expunge her 2005 conviction for aiding and abetting an alien smuggling offense. In her motion, Ms. Ramos sets forth substantial equities to support her request. The Court is inclined to grant the motion, if it has authority and jurisdiction to do so.

A federal district judge in the Eastern District of New York recently granted a defendant's motion to expunge her conviction, *see Jane Doe v. United States*, 2015 U.S. Dist. LEXIS 66672 (E.D.N.Y 2015), finding that district courts in some circuits have ancillary jurisdiction to entertain and grant applications for expunging convictions. *See also United States v. Flowers*, 389 F.3d 737, 739 (7th Cir. 2004); *Livingston v. U.S. Dep't of Justice*, 759 F.2d 74, 78, 245 U.S. App. D.C. 54 (D.C. Cir. 1985); *Allen v. Webster*, 742 F.2d 153, 154-155 (4th Cir. 1984); *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) *cert. denied*, 435 U.S. 907, 98 S. Ct. 1456, 55 L. Ed. 2d 499 (1978); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975). *But see United States v. Schonsky*, 2015 U.S. Dist. LEXIS

1  66656 (E.D.N.Y. 2015) (denying motion to expunge valid conviction that was less than 10
2  years old).  It's not clear to the Court what the rule on expungement is in the Ninth Circuit.
3  In several older cases, our Circuit has stated that a district court may order expungement in
4  cases where there has been official misconduct or denial of a substantial constitutional right.
5  *See, e.g.*, *Maurer v. Los Angeles County Sheriff's Dept*., 691 F.2d 434, 437 (9th Cir. 1982)
6  (authorizing expungement where defendant claimed his arrest was unconstitutional); *Shipp
7  v. Todd*, 568 F.2d 133, 134 (9th Cir. 1978) (recognizing power to expunge where individual
8  challenged constitutionality of conviction); *Wilson v. Webster*, 467 F.2d 1282, 1283-84 (9th
9  Cir. 1972) (recognizing power to expunge arrest record where individuals acquitted or
10 charges dismissed and arrest due to police misconduct); *see also United States v. G*, 774
11 F.2d 1392 (9th Cir. 1985) (insufficient factual record to determine if expungement
12 appropriate, but suggesting expungement permitted in some circumstances).  More recent
13 cases have suggested that a district court may expunge a conviction in "appropriate and
14 extraordinary cases." *United States v. Crowell*, 374 F.3d 790, 793 (9th Cir. 2004); *see United
15 States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991) (noting that inherent power to expunge
16 is "a narrow power, appropriately used only in extreme circumstances"). But the Ninth Circuit
17 has also recently cautioned that "district courts do not have the power 'to expunge a record
18 of a valid arrest and conviction solely for equitable considerations,' because 'the
19 expungement of the record of a valid arrest and conviction usurps the powers that the
20 framers of the constitution allocated to Congress, the Executive, and the states.'" *Crowell*,
21 374 F.3d at 793 *quoting United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000)*.*

22      Ms. Ramos' conviction in this case was entered approximately 10 years ago. Since
23 then, she relates that she has earned her GED and two state professional licenses as a
24 Certified Medical Assistant and as a Certified Nursing Assistant. With these credentials to
25 her credit, she is now trying to find a job in the medical field so that she can continue to
26 support herself and pursue the American Dream.  But she is concerned that her 10 year old
27 conviction for helping to smuggle aliens, entered when she was only 21 years old, will
28 prevent her from being hired. In the Court's experience, her concern is justified. The Court

is sympathetic to Ms. Ramos' circumstances, and wonders whether they may qualify as "extraordinary" under emerging case law in this circuit and others.

The Court refers the attached motion to Federal Defenders of San Diego, and requests that counsel for Federal Defenders communicate with Ms. Ramos, review the relevant case law, and pursue Ms. Ramos's motion to expunge her conviction if counsel determines that the motion is reasonably supported and is legally authorized. Any additional filings in this matter are to be served on the United States Attorney for the Southern District of California, and calendared before this Court through Courtroom Deputy Clerk Tisha Weisbeck.

The CM/ECF docket shall reflect that defendant "Jessica Otero" is also known as "Austin J. Ramos."

**IT IS SO ORDERED**.

DATED: June 9, 2015

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc:   Reuben C. Cahn, Executive Director, Federal Defenders of San Diego
      Peter Ko, Chief, Appellate Section, US Attorney's Office, So. Dist. of California
      Ms. Austin J. Ramos, 8420 Buckland St. #46, La Mesa, CA 91942